IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD J. MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 CV 2538 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| GHALIAH OBAISI, as Independent | ) | Judge Manish S. Shah |
| Executor of the Estate of SALEH OBAISI, | ) | |
| M.D., deceased, | ) | |
| KUL B. SOOD, M.D., | ) | |
| and RANDY PFISTER, Warden, | ) | |
| sued in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW**

Plaintiff RONALD J. MYERS ("Plaintiff") by and through his attorneys COONEY AND CONWAY, and complaining of Defendants WEXFORD HEALTH SOURCES, INC., GHALIAH OBAISI, as Independent Executor of the Estate of Dr. SALEH OBAISI, Dr. KUL B. SOOD, and RANDY PFISTER, in his individual capacity as Warden of Stateville Correctional Center, and states as follows:

**JURISDICTION AND VENUE**

1.      This is an action under the Civil Rights Acts pursuant to 42 U.S.C. § 1983 seeking redress for deprivations of the Plaintiff's rights by the named defendants in violation of the Eighth Amendment of the Constitution. At all times herein, the defendants were acting under color of state law. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and the aforementioned statutory and constitutional provisions.

1

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Will County, Illinois, within this judicial district.

## PARTIES

3. At all times mentioned herein, Stateville Correctional Center was a maximum-security state prison operated by the Illinois Department of Corrections located at 16830 IL-53, Crest Hill, County of Will, State of Illinois.

4. At all times mentioned herein, Defendant WEXFORD HEALTH SOURCES, INC. was a corporation organized under the laws of the State of Florida, with its principle place of business located in Pittsburgh, Pennsylvania.

5. At all times mentioned herein, Defendant WEXFORD HEALTH SOURCES, INC. was contracted by the State of Illinois to provide medical management, personnel, and healthcare services to the inmates confined at Stateville Correctional Center.

6. At all times mentioned herein Defendant Dr. SALEH OBAISI, who is now deceased, was employed as the medical director of the Stateville Correctional Center by Defendant WEXFORD HEALTH SOURCES, INC.

7. Defendant GHALIAH OBAISI acts as the Executor of Defendant Dr. SALEH OBAISI's Estate.

8. At all times mentioned herein Defendant Dr. KUL B. SOOD was employed as a physician by Defendant WEXFORD HEALTH SOURCES, INC., providing medical services to the inmates at Stateville Correctional Center.

9. At all times mentioned herein Defendant RANDY PFISTER was acting in his official capacity as Warden of Stateville Correctional Center.

10. At all times mentioned herein Plaintiff RONALD J. MYERS was an inmate at Stateville Correctional Center.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff RONALD J. MYERS suffered from the serious health condition of congestive heart failure and was prescribed Lasix and a Zoll LifeVest to control said condition prior to April 11, 2017.

12. On and before April 11, 2017 Plaintiff was incarcerated at Stateville Correctional Center.

13. On or about April 11, 2017 Plaintiff was admitted to the infirmary at Stateville Correctional Center where he was diagnosed with hypertension, increased lipids, and asthma.

14. At said time and place, and at all times mentioned herein, the conditions of his confinement were unsanitary, and inhospitable due to the cold, requiring the Plaintiff to remain under blankets at all times and making it uncomfortable to shower or use the restroom while Plaintiff's symptoms worsened.

15. At said time and place, Plaintiff notified defendant's medical personnel that his Zoll LifeVest battery was dead.

16. Plaintiff was not prescribed or given a replacement battery until May 29, 2017.

17. At all times while in the infirmary at Stateville Correctional Center, Plaintiff developed, and/or in the alternative, the conditions of confinement caused the Plaintiff, to cough up blood.

18. On or about May 20, 2017, an echocardiogram was performed on Plaintiff, which showed an enlarged left ventricular chamber and severely decreased ejection fraction estimated at twenty-five to thirty percent.

19. On or about May 22, 2017, Plaintiff's symptoms increased and he reported to defendant's medical personnel at the infirmary congestion in his chest and shortness of breath.

20. On or about May 24, 2017, Plaintiff's symptoms of tenderness and congestion in his chest and shortness of breath were reported to defendant's medical personnel at the infirmary.

21. At said time and place, Plaintiff's symptoms increased and he showed his bloody expectorate to the attending nurse who showed the sample to Defendant, Dr. KUL B. SOOD.

22. At said time and place, Plaintiff vomited into the toilet in his holding room, and was given Tums.

23. On or about May 27, 2017, Plaintiff reported to a nurse congestion and mucus in his chest, who again consulted with Defendant, Dr. KUL B. SOOD.

24. On or about May 28, 2017, Defendant Dr. SALEH OBAISI was made aware of the above symptoms and reports of congestion and pain by the Plaintiff.

25. On or about June 12, 2017 Plaintiff was found on his back lying next to the toilet in his cell. Plaintiff was transported to Saint Joseph Medical Center Emergency Room.

26. On or about June 14, 2017 Plaintiff returned to Stateville Correctional Center from Saint Joseph Medical Center.

27. On or about July 17, 2017 Plaintiff reported swelling in his feet to the attending nurses, who passed said medical history to defendant's doctors via records.

4

28. On or about July 19, 2017 Plaintiff reported the symptom of pain in his chest to the attending nurses, who again reported said symptom to the physicians through a medical records notation.

29. On or about July 19, 2017 Plaintiff vomited expectorate.

30. On or about July 25, 2017 Plaintiff notified an attending nurse about bloody expectorate and was given a cup to collect blood he spit up. The nurse notified the Defendant, Dr. KUL B. SOOD, who observed the Plaintiff.

31. On or about July 29, 2017 Plaintiff again notified an attending nurse about bloody expectorate and was given another cup to collect blood he spit up. Plaintiff complained of the cold. Plaintiff's urine was dark red.

32. On or about August 2, 2017 Plaintiff notified an attending nurse that his scrotum was abnormally swollen.

33. On or about August 8, 2017 Plaintiff was transported to the University of Illinois at Chicago Hospital and Medical Center ("UIC"), where he was diagnosed with blood clots in the lungs.

34. While being treated at UIC it was determined that Plaintiff had suffered two minor atrial infarctions when he was under the care of Defendant Dr. SALEH OBAISI in the infirmary at Stateville Correctional Center.

35. On or about August 24, 2017 Plaintiff was transported to St. John's Hospital in Springfield, Illinois.

36. At said time and place Plaintiff went into cardiac arrest and was revived by CPR.

37. At said time and place Plaintiff was diagnosed with a clot in his left ventricle and decreased ejection fraction to ten percent.

38. Following treatment at St. John's Hospital Plaintiff was transported to Jacksonville Correctional Center, where he was prescribed a new prescription drug regimen, and his ejection fraction improved to thirty percent.

39. During the time of treatment in the infirmary at Stateville Correctional Center Plaintiff repeatedly complained of serious symptoms and coughing up blood. The healthcare staff including Defendant, Dr. SALEH OBAISI, and Defendant, Dr. KUL B. SOOD, failed to perform proper testing, or in the alternative, send him to a facility to conduct proper testing.

40. During the time of treatment in the infirmary at Stateville Correctional Center the healthcare staff, including Defendant Dr. KUL B. SOOD, under the supervision and direction of Defendant Dr. SALEH OBAISI were notified of the serious symptoms complained of and reported by Plaintiff and failed to refer Plaintiff for testing, consultation and/or treatment or accurately diagnose his symptoms themselves, despite the increasingly severe nature of said cardiac symptoms.

41. During the time of treatment at Stateville Correctional Center, the healthcare staff, including Defendant Dr. KUL B. SOOD, under the supervision and direction of Defendant Dr. SALEH OBAISI were notified repeatedly of the serious cardiac symptoms and the inadequacy of treatment for the Plaintiff, but continued to administer heart and allergy medication despite increasingly worsening symptoms.

42. As a result of a conscious disregard of the increased serious cardiac symptoms and inadequate treatment in the infirmary at Stateville Correctional Center, Plaintiff suffered

6

exacerbated symptoms of congestive heart failure, blood clotting, increased heart disease and atrial infarctions, and still suffers from cardiovascular impairment due to the seriously delayed treatment at Stateville Correctional Center.

### COUNT I – 42 U.S.C. § 1983 – WEXFORD HEALTH SOURCES, INC.

1-42. Plaintiff realleges Paragraphs 1 through 42 as though fully set forth in Count I.

43. The Eighth Amendment of the Constitution of the United States prohibits cruel and unusual punishment. Deliberate indifference by medical personnel regarding the medical needs of prisoners constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.

44. At all times mentioned herein, Defendant WEXFORD HEALTH SOURCES, INC. maintained unconstitutional policies that contributed to or supported the deliberate indifference by their employees toward the health and safety of prisoners and the conditions of confinement in the Stateville Correctional Center infirmary.

45. One such policy was minimizing costs by refusing cardiac medical testing and analytical procedures to inmates when such testing procedures are medically necessary to diagnose serious medical conditions.

46. One such policy was minimizing costs by refusing specific treatments to inmates when such treatments were medically necessary.

47. These policies resulted in Plaintiff suffering serious aggravation to his medical condition resulting in medical emergencies at Stateville Correctional Center before receiving the proper diagnoses and treatment for his condition.

7

48. Defendant WEXFORD HEALTH SOURCES, INC. maintained said policies under color of the law.

49. Defendant WEXFORD HEALTH SOURCES, INC. is liable for punitive damages as a result of its policies.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the Defendant, WEXFORD HEALTH SOURCES, INC. and award the Plaintiff (i) damages for the violation of his rights and compensation for pain and suffering due to the injury mentioned above, (ii) damages for emotional distress suffered due to the conditions mentioned above, (iii) the costs of this suit, including reasonable attorney's fees, (iv) punitive damages, and (v) any further relief this Court deems appropriate and just.

## COUNT II – 42 U.S.C. § 1983 – SALEH OBAISI

1-42. Plaintiff realleges Paragraphs 1 through 42 as though fully set forth in Count I.

43. The Eighth Amendment of the Constitution of the United States prohibits cruel and unusual punishment. Deliberate indifference by medical personnel in regard to the medical needs of prisoners constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.

44. Defendant, Dr. SALEH OBAISI violated Plaintiff RONALD J. MYERS's rights under the Eighth Amendment through the following actions and inactions, all of which were performed in contravention to his official duties:

   a. Failing to meaningfully and properly treat the Plaintiff's heart condition or refer him to a specialist, proscribing ineffective or incorrect medication, and refusing to provide further treatment for the Plaintiff's worsening

symptoms, due to his deliberate indifference for the well-being, health, and safety of the Plaintiff;

b. Treating the Plaintiff's symptom's through perfunctory medical appointments and passive monitoring of symptoms, with a conscious indifference to the Plaintiff's symptoms;

c. Refusing to address the Plaintiff's expressed concerns about the ineffectiveness and the types of medications he was given, and his increasing symptoms.

d. Failing to properly diagnose the Plaintiff's serious medical conditions prior to emergency intervention despite actual knowledge of prior diagnoses and increasingly serious symptoms;

e. Refusing the Plaintiff access to proper procedures and medical equipment necessary to treat his condition and refusing to refer the Plaintiff to proper specialists regarding the Plaintiff's symptoms.

45. Defendant Dr. SALEH OBAISI's failure to treat the Plaintiff's cardiovascular condition violated the Eighth Amendment, as is protected by 42 U.S.C. § 1983, causing damage to the Plaintiff.

46. Defendant Dr. SALEH OBAISI's actions or failure to act were taken under color of the law.

47. Defendant Dr. SALEH OBAISI is liable for punitive actions as a result of his actions.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the Defendant GHALIAH OBAISI, as Executor of Dr. SALEH OBAISI's Estate, and award the Plaintiff (i) damages for the violation of his rights and compensation for pain and suffering due to the injury mentioned above, (ii) damages for emotional distress suffered due to the conditions mentioned above, (iii) the costs of this suit, including reasonable attorney's fees, (iv) punitive damages, and (v) any further relief this Court deems appropriate and just.

## COUNT III – 42 U.S.C. § 1983 – KUL B. SOOD

1-42.  Plaintiff realleges Paragraphs 1 through 42 as though fully set forth in Count I.

43.  The Eighth Amendment of the Constitution of the United States prohibits cruel and unusual punishment. Deliberate indifference by medical personnel in regard to the medical needs of prisoners constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eight Amendment.

44. Defendant, Dr. KUL B. SOOD, violated Plaintiff's rights under the Eighth Amendment through the following actions and inactions, all of which were performed in contravention to his official duties:

    a.    Failing to meaningfully and properly treat the Plaintiff's heart condition or refer him to a specialist, proscribing ineffective or incorrect medication, and refusing to provide further treatment for the Plaintiff's worsening symptoms, due to his deliberate indifference for the well-being, health, and safety of the Plaintiff;

    b.    Treating the Plaintiff's symptom's through perfunctory medical appointments and passive monitoring of symptoms, in a conscious indifference to the Plaintiff's symptoms;

    c.    Refusing to address the Plaintiff's expressed concerns about the ineffectiveness and the types of medications he was given, and his increasing symptoms.

    d.    Failing to properly diagnose the Plaintiff's serious medical conditions prior to emergency intervention despite actual knowledge of prior diagnoses and increasingly serious symptoms;

    e.    Refusing the Plaintiff access to proper procedures and medical equipment necessary to treat his condition and refusing to refer the Plaintiff to proper specialists regarding the Plaintiff's symptoms.

45. Defendant Dr. KUL B. SOOD's failure to treat the Plaintiff's cardiovascular condition violated the Eighth Amendment, as is protected by 42 U.S.C. § 1983, causing damage to the Plaintiff.

46. Defendant Dr. KUL B. SOOD's actions or failure to act were taken under color of the law.

47. Defendant Dr. KUL B. SOOD is liable for punitive actions as a result of his actions.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the Defendant Dr. KUL B. SOOD and award the Plaintiff (i) damages for the violation of his rights and compensation for pain and suffering due to the injury mentioned above, (ii) damages for emotional distress suffered due to the conditions mentioned above, (iii) the costs of this suit, including reasonable attorney's fees, (iv) punitive damages, and (v) any further relief this Court deems appropriate and just.

## COUNT IV – 42 U.S.C. § 1983 – RANDY PFISTER

1-42. Plaintiff realleges Paragraphs 1 through 42 as though fully set forth in Count I.

43. The Eighth Amendment of the Constitution of the United States prohibits cruel and unusual punishment. It imposes a duty to provide humane conditions of confinement, which include life's necessities: shelter, heat, clothing, sanitation, and hygiene items.

44. Defendant, RANDY PFISTER, violated Plaintiff's rights under the Eighth Amendment through the following actions and inactions, all of which were performed in contravention to his official duties:

a. Failing to meaningfully and properly address the lacking medical care in Plaintiff's cell, despite his knowledge of this severe and ongoing problem, due to his deliberate indifference for the well-being, health, and safety of the Plaintiff and other prisoners with respect to the serious medical need;

b. Failing to meaningfully and properly address the cold and unsanitary conditions at Stateville Correctional Center, despite his knowledge of this severe and ongoing problem, due to his deliberate indifference for the well-being, health, and safety of the Plaintiff and other prisoners with respect to the conditions;

c. Maintaining a policy that encouraged the disregard for prisoners' complaints about conditions of their confinement;

d. Permitting a policy or custom to exist that permitted the employees of Stateville Correctional Center to ignore the needs of inmates and defer their responsibilities to inmates' needs for emergency services to Wexford Health Sources, Inc. employees.

45. The inhumane and unsanitary conditions of Plaintiff's confinement at Stateville Correctional Center caused his congestive heart failure to dramatically worsen and caused him to develop additional life-threatening conditions.

46. Defendant RANDY PFISTER's failure to address the inhumane conditions of the Plaintiff's confinement deprived the Plaintiff of a minimal civilized measure of life's necessities and violated the Eighth Amendment, as is protected by 42 U.S.C. § 1983, causing damage to the Plaintiff.

47. Defendant RANDY PFISTER's policies that promoted the inhumane conditions of the Plaintiff's confinement deprived the Plaintiff of a minimal civilized measure of life's necessities and violated the Eighth Amendment, as is protected by 42 U.S.C. § 1983, causing damage to the Plaintiff.

48. Defendant RANDY PFISTER's actions or failure to act were taken under color of the law.

12

49. Defendant received written grievances regarding the above medical failure which presented a risk of serious harm to Plaintiff.

50. Defendant signed off on said grievances disregarding the above risk of serious harm to Plaintiff. As a result, Plaintiff was not provided needed medical care, nursing care or treatment for this serious heart condition manifested by chest pain, spitting up blood and other cardiac symptoms. As a result, Plaintiff suffered blood clotting, heart failure and physical damage.

51. Defendant received grievances of the Plaintiff and grievances of many prisoners regarding doctors not treating serious health conditions of the prison population at the prison. As a result, Defendant had reason to believe that inadequate care existed at the prison and that Plaintiff was not properly treated for his serious heart condition.

52. As a direct or proximate result of the above, Plaintiff had an acute heart attack, was revived from cardiac arrest and suffered permanent heart damage.

53. Defendant, RANDY PFISTER, is liable for punitive actions as a result of his actions.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the Defendant RANDY PFISTER and award the Plaintiff (i) damages for the violation of his rights and compensation for pain and suffering due to the injury mentioned above, (ii) damages for emotional distress suffered due to the conditions mentioned above, (iii) the costs of this suit, including reasonable attorney's fees, (iv) punitive damages, and (v) any further relief this Court deems appropriate and just.

                                            Respectfully Submitted,

                                            Kevin J. Conway, Attorney for Plaintiff

Kevin J. Conway
COONEY AND CONWAY
120 North LaSalle Street, 30th Floor
Chicago, Illinois 60602
312-236-6166
Firm Id.#90200